United States District Court
Southern District of Texas
**ENTERED**
December 23, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Jane Doe, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-968 |
| | § | |
| Texas Southern University, | § | |
| Texas Southern University's | § | |
| Board of Regents, Thurgood | § | |
| Marshall School of Law, | § | |
| Texas Southern University's | § | |
| Department of Public Safety, | § | |
|     Defendants. | § | |

# Order of Adoption

On November 16, 2020, Magistrate Judge Peter Bray recommended that the court deny Doe's motion for a temporary restraining order. (36) Neither party filed objections. The court adopts the memorandum and recommendation as its memorandum and opinion.

Signed at Houston, Texas, on December 21, 2020.

Lynn N. Hughes
United States District Judge

United States District Court
Southern District of Texas
**ENTERED**
November 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Jane Doe, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-968 |
| | § | |
| Texas Southern University, | § | |
| Texas Southern University's | § | |
| Board of Regents, Thurgood | § | |
| Marshall School of Law, | § | |
| Texas Southern University's | § | |
| Department of Public Safety, | § | |
|    Defendants. | § | |

## Memorandum and Recommendation

Having heard oral arguments on Plaintiff's motion for a temporary restraining order (TRO) (D.E. 30), the undersigned recommends that the motion for TRO be denied.

Plaintiff alleges that Defendants discriminated against her based on disability, race, color, national origin, and gender "in the form of exclusion, harassment and slurs" and subjected her to "limited educational resources and assistance." (D.E. 1 at 72-79.) She moves for a TRO to prevent Defendants "from engaging in the unconstitutional and illicit activities" described in her complaint. (D.E. 30 at 1.) Plaintiff seeks a reversal of grades, reinstatement as a student at TSU, reinstatement as a scholarship recipient, and other relief.

A party seeking a TRO must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Greenway v. Wilkie,* Civil Action No. H-18-3776, 2018 WL 5921224, at *2 (S.D. Tex. Nov. 13, 2018) (quoting

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014)). TROs are "extraordinary remed[ies] which should not be granted unless the party seeking [them] has clearly carried the burden of persuasion on all four requirements." *Id.* (alterations in the original) (quoting *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005)).

Defendant TSU presented strong arguments that, as an arm of the state, it and its separately named departments are shielded by sovereign immunity. Plaintiff failed to show that either sovereign immunity does not apply to her claims or Texas has waived its sovereign immunity as to the claims raised. Absent surmounting that obstacle, Plaintiff cannot establish a substantial likelihood of success on the merits. *Cf. Atakapa Indian de Creole Nation v. Louisiana*, CIVIL ACTION NO. 18-0190, 2019 WL 660558, at *1 (W.D. La. Jan. 11, 2019) (finding that the plaintiff showed no likelihood of success on the merits because the court had previously determined that the defendants had not waived sovereign immunity).

Plaintiff also failed to show potential irreparable injury. She has not shown that an award of money damages, should she prevail, would not adequately redress the harm she alleges. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages.")

As Plaintiff failed to carry her burden of persuasion on either of the first two elements, she has not shown that she is entitled to the extraordinary remedy of a TRO. *See Greenway*, 2018 WL 5921224, at *3 (stating that the movant must prevail on all four TRO requirements).

Signed at Houston, Texas, on November 16, 2020.

_____
Peter Bray
United States Magistrate Judge