United States District Court
Southern District of Texas
**ENTERED**
June 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Jane Doe, | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-968 |
| | § | |
| Texas Southern University, | § | |
| Texas Southern University's | § | |
| Board of Regents, Thurgood | § | |
| Marshall School of Law, | § | |
| Texas Southern University's | § | |
| Department of Public Safety, | § | |
|  Defendants. | § | |

# Report and Recommendation

This discrimination case is referred to the undersigned magistrate judge under 28 U.S.C. § 636. (D.E. 4.) Because Jane Doe failed to prosecute this action and to comply with the court's orders, the court recommends that the case be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

## 1. Background

Jane Doe, pro se, filed an 88-page complaint on March 16, 2020, alleging, among other things, that Defendants discriminated against her based on disability, race, color, national origin, and gender "in the form of exclusion, harassment and slurs" and subjected her to "a hostile education environment" and "limited educational resources and assistance." (D.E. 1 at 76-83.) Doe also raised a state law claim alleging negligence. *Id.* at 84. Doe sought injunctive relief to prevent Defendants from engaging in discrimination, "reinstatement or front pay in lieu of reinstatement," and compensatory damages for, among other things, pain and mental anguish. *Id.* at 86–87.

On June 15, 2020, Defendants Texas Southern University (TSU), TSU Board of Regents, TSU Department of Public Safety, and

TSU Thurgood Marshall School of Law filed a motion to dismiss for insufficient process and insufficient service of process. (D.E. 9.) Plaintiff did not respond to the motion. On July 6, 2020, Defendants filed "Defendants' Objections and Case Management Plan." (D.E. 12.) Defendants represented that the only method of communication with Doe listed on the docket sheet was by U.S. mail and that they had mailed her a partial draft of the joint case management plan but had not received a response. *Id.* at 2.

On July 7, 2020, the court held an initial conference, which Defendants' counsel and Doe attended. (D.E. 17.) The court ordered Defendants to file an answer or other response to Doe's complaint within two months. *Id.* The court accommodated Doe, a pro se plaintiff, by allowing her to receive notice of filings by email. *Id.* The court set a status conference in mid-November. *Id.* Defendants, having filed waivers of service, withdrew their motion to dismiss. (D.E. 13–17, 23.)

Defendants timely filed a second motion to dismiss on September 8, 2020, with a motion docket date of September 29, 2020. (D.E. 27.) Defendants argued that Doe's claims were barred by Eleventh Amendment immunity and sovereign immunity, that Doe failed to state a claim upon which relief could be granted, and that the court should decline supplemental jurisdiction if all federal claims were dismissed. *Id.* at 1. On October 5, 2020, Defendants notified the court that Doe had failed to respond timely to the motion. (D.E. 28.)

On November 2, 2020, more than a month after Doe's response to Defendants' second motion to dismiss was due, Doe filed five motions: (1) motion for temporary restraining order and preliminary injunction (D.E. 30); (2) motion to proceed pseudonymously (D.E. 31); (3) motion to seal affidavit and amended complaint (D.E. 32); (4) motion to expedite discovery (D.E. 33); and (5) motion for leave to file an amended complaint (D.E. 34). Doe attached a 489-page amended complaint to her motion for leave to amend. (D.E. 34.) Doe never responded to Defendants' second motion to dismiss.

At the status conference on November 13, 2020, the court addressed all of Doe's outstanding motions. (D.E. 35.) The court granted the motion to proceed pseudonymously, denied the motion to seal affidavit and amended complaint, and denied the motion to expedite discovery. *Id.* at 1. The court heard arguments on the motion for preliminary injunction. *Id.* at 2. Concerning Doe's motion for leave to amend, the court denied the motion as to the proposed complaint but ordered Doe to file an amended complaint limited to thirty-five pages within two weeks. *Id.* With consent of the parties and in anticipation of Doe's filing an amended complaint, the court denied Defendants' second motion to dismiss as moot without prejudice to filing a motion to dismiss upon Doe's filing a second amended complaint. *Id.* at 1–2.

On November 16, 2020, the court recommended that the district judge deny Doe's motion for preliminary injunction. (D.E. 36.) Neither party objected, and the district court adopted the recommendation. (D.E. 42.) On November 27, 2020, Doe timely filed a 22-page first amended complaint. (D.E. 37.) Doe named two defendants, TSU and National Science Foundation.[1] *Id.* at 1. Doe alleged that Defendants engaged in disability-based discrimination and retaliation; engaged in race, color, and national origin discrimination and retaliation; engaged in sexual harassment, sexual violence, sexual assault, and sex-based discrimination and retaliation; violated the Texas Deceptive Trade Practices Act; and deprived Doe of civil and constitutional rights within federally funded activities and programs. *Id.* at 11–20.

After requesting and receiving several extensions, TSU filed a third motion to dismiss Doe's complaint on January 29, 2021. (D.E. 38–41, 43–45.) On February 4, 2021, Doe filed a motion for contempt arguing that TSU "maliciously addresse[d] Plaintiff" by her real name. (D.E. 46 at 1.) TSU filed a motion to require Doe to use her

---

[1] The docket sheet does not reflect that Doe ever served National Science Foundation.

3

real name and responded to her motion for contempt. (D.E. 48–49.) On February 9, 2021, the court held a hearing on the two nondispositive motions and denied both. (D.E. 50.) As of the date of the hearing, ten days remained for Doe to respond to TSU's third motion to dismiss. Doe orally confirmed, upon the court's inquiry, that she would meet the February 19 deadline.

On February 16, 2021, Doe notified the court by email that she would be unable to meet the response deadline due to the weather event that week. On February 24, 2021, TSU advised the court that Doe did not file a timely response to the third motion to dismiss. (D.E. 51.) On March 3, 2021, the court ordered Doe to file a response, if any, by March 10, 2021. (D.E. 52.) Doe did not meet the March 10 deadline, and TSU filed advisories on March 12 and April 6, 2021, notifying the court that Doe had failed to comply with the court order. (D.E. 53–54.) On June 2, 2021, nearly three months after Doe's first extension, the court ordered Doe to respond to TSU's third motion to dismiss by June 11, 2021. (D.E. 56.) That order stated, "Failure to respond by this date will result in this case being dismissed for want of prosecution with no further notice." *Id.* Doe has not been in communication with the court since February 16, 2021. Doe never filed a response to TSU's third motion to dismiss.

   2. *Analysis*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" which requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would

4

not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### A. Clear record of delay

Doe did not file a timely response to any of the motions to dismiss. The court entered two orders setting extended deadlines for her response to the third motion to dismiss. (D.E. 52, 56.) Doe failed to comply with either one. In fact, the record shows no activity on Doe's part since she notified the court more than three months ago that she was unable to timely file a response because of the mid-February weather event. The court has given Doe more than five months to respond to the third motion to dismiss. These facts constitute a clear record of delay caused by Doe's own failure to prosecute this cause of action.

### B. Futility of Lesser Sanctions

The court has extended the deadline to respond twice, including a sua sponte extension months after she failed to file a response timely. In an order entered on June 2, 2021, the court clearly stated that the consequence of Doe's failure to comply with the court-imposed June 11 deadline would be the dismissal of the case. (D.E. 56.) The court's efforts have been futile. Not only has Doe failed to file a response, but Doe has not even communicated with the court since mid-February. The court finds that other forms of sanctions also would be futile. For example, the court is not convinced that monetary sanctions would have any effect, considering Doe's pro se status.

5

### C. Aggravating Factors

Doe's actions also establish aggravating factors. Because Doe is a pro se litigant, the delay is her fault alone. Doe's failure to respond to TSU's third motion to dismiss, as well as the first two, has prejudiced TSU by multiplying its litigation burden. Doe's failure to respond to the motions to dismiss, despite the court's efforts at hearings, two orders to comply with the court's deadline extensions, and ample time to respond to the third motion to dismiss cannot be characterized as anything but intentional.

### 3. Conclusion

Given the clear record of delay, the proven futility of other sanctions, and the aggravating factors, it is appropriate to dismiss this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b).

The court recommends that this lawsuit be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 16, 2021.

_____
Peter Bray
United States Magistrate Judge